UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY

In the Matter of:

COMPLAINT OF DANIELLE M. JACOBSON
and KENNETH A. JACOBSON, as Owners of a
2002 24' Sea Ray vessel, Hull ID No.                    CASE NO: 8:05-cv-476-T-30EAJ
SERV4149C202 and Florida Registration No.
FL 1484 LW, FOR EXONERATION FROM
OR LIMITATION OF LIABILITY
_____ /

**ORDER APPROVING PLAINTIFFS' AD INTERIM STIPULATION
FOR VALUE, RESTRAINING LAWSUITS, PURSUANT TO RULE F(3) AND
DIRECTING ISSUANCE OF NOTICE**

A Verified Complaint having been filed on March 11, 2005 and an Amended Verified Complaint having been filed on March 25, 2005 by Plaintiffs, DANIELLE M. JACOBSON and KENNETH A. JACOBSON, as Owners of the a 2002 24' Sea Ray vessel, Hull ID No. SERV4149C202 and Florida Registration No. FL 1484 LW, (hereafter called "Vessel"), praying for exoneration from or, alternatively, limitation of liability pursuant to 46 U.S.C. App. §§181-185 and 188 and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, of the Federal Rules of Civil Procedure, on account of any loss, damage, injuries, expenses or other claims arising out of an incident that occurred on September 18, 2004, wherein Milorad Stosjevic was injured aboard the Vessel in the United States territorial waters near Sarasota, Florida.

AND the Amended Verified Complaint having stated that the value of Plaintiffs' interest in the vessel, and its pending freight, if any, at the end of such voyage does not exceed $36,000, as evidenced by the Affidavit of Ken Hitchens, an independent marine surveyor, on January 13, 2005.

AND Plaintiffs having deposited with the Court, as security for the benefit of all claimants, an *ad interim* stipulation for value executed by Travelers Casualty and Surety Company of America, as Surety, dated February 4th, 2005, in the total sum of $40,600, representing Plaintiffs' interest in the Vessel and its pending freight, in the amount of $36,000, costs given pursuant to Supplemental Rule F(1) and Local Admiralty Rule 7.05(e)(3), in the amount of $250, plus interest on these sums at the rate of six percent per annum for two (2) years, in the amount of $4,350; it is thereupon

ORDERED AND ADJUDGED:

1. The above-described *ad interim* stipulation for value deposited by Plaintiffs with the Court for the benefit of all claimants, in the total sum of $40,600, as security for the amount or value of Plaintiffs' interest in the Vessel and its pending freight, if any, is approved and accepted as sufficient security for the amount or value of Plaintiffs' interest in the Vessel on September 18, 2004, for purposes of this Limitation proceeding.

2. All claims and proceedings against Plaintiffs, the Vessel, and any property of the Plaintiffs with respect to the incident or other matters alleged in the Amended Verified Complaint filed in this cause shall cease and further prosecution of any such action or proceeding, except in this action, with respect to the incident or other matters alleged in the

Amended Verified Complaint is hereby enjoined pursuant to Rule F(3).

3. The further prosecution of any actions already commenced and the commencement or prosecution of any and all subsequent lawsuits of any nature and description whatsoever, in any jurisdiction, and the taking of any steps and the making of any motion in such actions against Plaintiffs, the Vessel, or any property of the Plaintiffs, except in this action, to recover any damages arising from the incident or other matters as alleged in the Amended Verified Complaint filed in this cause, are restrained, stayed, and enjoined until the hearing and determination of this action.

4. Service of this Order as a restraining order may be made in the usual manner by delivery by the Marshal of the United States for the District in which service is made, or through the United States Postal Service by mailing a conformed copy of it to the person or persons to be restrained or to their respective attorneys.

5. A notice shall be issued by the Clerk of this Court to all persons entitled to assert claims with respect to which the Amended Verified Complaint seeks exoneration from or, alternatively, limitation of liability, admonishing them to file their respective claims with the Clerk of this Court in writing and to serve on or mail to Plaintiffs' attorneys, Reginald M. Hayden, Jr., Richard McCormack, and Christopher R. Koehler of Hayden and Milliken, P.A., 5915 Ponce de Leon Boulevard, Suite 63, Miami, Florida 33146, a copy of the claim on or before September 6, 2005 or be defaulted. The notice shall also advised that if any claimant desires to contest either the right to exoneration from or limitation of liability, the claimant shall file and serve on Plaintiffs' attorneys an answer to the Amended Verified

Complaint on or before that date (unless the claim included an answer to the Amended Verified Complaint so designated) or be defaulted.

6. The foregoing notice shall be published in the Sarasota Herald Tribune in the form prescribed by Rule F of the Federal Rules of Civil Procedure and Local Admiralty Rule 7.06, once a week for four consecutive weeks prior to the date fixed for the filing of claims, and the Plaintiffs, not later than the day of the second publication, shall mail a copy of the foregoing notice to every person known to have made any claims against the Vessel or Plaintiff(s) arising out of the said alleged incident involving the Vessel on September 18, 2004, from which the claim or claims sought to be limited arose.

**DONE** and **ORDERED** in Tampa, Florida on June 7, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

Hayden and Milliken, P.A.
Attorneys for Plaintiffs
5915 Ponce de Leon Blvd., #63
Miami, Florida 33146-2435

Milorad Stosjevic
c/o Melton H. Little, Esq.
Kallins, Little, Delgado & Opstal
433 8th Avenue West
Palmetto, Florida 34221

S:\Even\2005\05-cv-476.OrderApprovingStip.wpd